## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                              **CASE NO: 8:03-cr-432-MSS-MRM**

**JOSE RODRIGUEZ SOSA**,

      **Defendant.**

_____

### ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Jose Rodriquez Sosa's "Request to Convert His Reply Motion to a Motion for Reconsideration." (Dkt. 187) On July 23, 2004, a jury found Sosa guilty of six counts: Conspiracy to Interfere with Commerce by Threats or Violence, in violation of 18 U.S.C. §§ 1951 (a) and (b) (Count I); Interfere with Commerce by Robbery and Extortion, in violation of 18 U.S.C. §§ 1951(a), (b), and 2 (Count II); Interfere with Commerce by Threats and Violence, in violation of 18 U.S.C. §§ 1951(a), (b), and 2 (Count III); Interstate and Foreign Travel in Aid of Racketeering Enterprises, in violation of 18 U.S.C. §§ 1952(a)(2)(B), 1952(b) and 2 (Count IV); Using and Carrying a Firearm during and in Relation to a Crime of Violence, in violation of §§ 924(c)(1)(A)(iii), 924(c)(3)(A) and (B) and 2 (Count V); and Travel from any State and Foreign Country into any other State and Acquire and Transfer a Firearm, in

violation of §§ 924(g)(4), 924(c)(3)(A) and (B) and 2 (Count VI). (Dkt. 91) On October 29, 2004, Sosa was sentenced to a term of imprisonment of life in prison to be followed by a consecutive term of imprisonment of ten (10) years. (Dkt. 110) Sosa is currently incarcerated at FMC Butner, an administrative security federal medical center located in Butner, North Carolina. See https://www.bop.gov/inmateloc/ (last accessed July 28, 2025).

## I.    Motion to Convert Reply to Motion for Reconsideration

Sosa seeks this Court to convert his reply motion to a Motion for Reconsideration pursuant to Concepcion v. United States, 597 U.S. 481 (2022). (Dkt. 187) A district court does not abuse its discretion in ruling on a motion before the movant files a reply. This is particularly true where, as here, the movant is not entitled to a reply as a matter of right. See L.R. 3.01(e), M.D. Fla. (2025) ("Except for a reply to a motion for summary judgment or a reply brief in a social security action, no party may reply without leave."); United States v. Ashmeade, No. 21-10770, 2022 WL 306447, at *1 (11th Cir. Feb. 2, 2022) ("The government's position that the district court did not abuse its discretion by denying his motion for compassionate release without considering his reply is clearly right as a matter of law.") (citations omitted).

Nevertheless, because the defendant is proceeding pro se and without the benefit of counsel, the Court will construe his reply as a motion for reconsideration. Pro se filings should be liberally construed to avoid the forfeiture of important rights due to a litigant's lack of legal training. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

However, for the reasons stated below, Sosa's Motion for Reconsideration, (Dkt. 186), is **DENIED**.

## II.    Construed Motion for Reconsideration

On July 8, 2022, Sosa moved for compassionate release from incarceration, (Dkt. 180), pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). On July 22, 2022, the Court denied Sosa's Motion for Compassionate Release under U.S.S.G. § 1B1.13, finding that Sosa has failed to allege extraordinary and compelling circumstances to support a request for compassionate release. (Dkt. 182) His challenges to his conviction and sentence were also not properly asserted on a motion for compassionate release. (Id.) Additionally, the Court found that the circumstances of the offense, the need to protect the community, and the need to promote just punishment militated against Sosa's arguments under the 3553(a) factors. (Id.)

Sosa now moves for reconsideration asserting that the sentencing guidelines are no longer binding and sentences may be reduced based on changes to sentencing ranges and other unrelated legal or factual changes that have occurred since the original sentencing. (Dkt. 186 at 2-3) Sosa also contends that the Court has the power to vary from the guideline range and must consider the § 3553(a) factors in making its determination. (Dkt. 186 at 3) Sosa requests compassionate release because he alleges, he suffers from a chronic medical condition that has been identified by the Center of

Disease Control as elevating an inmate's risk of being seriously ill from COVID-19, constituting an extraordinary and compelling reason for compassionate release. (Dkt. 186 at 4) Sosa alleges he suffers from hypertension, hyperlipidemia (high cholesterol), and obesity. (Dkt. 186-1) Sosa provides medical records documenting these conditions. (Dkt. 180-10)

Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit have permitted parties to file such motions in criminal cases. See United States v. Phillips, 597 F.3d 1190, 1199 (11th Cir. 2010) (citations omitted). In deciding motions for reconsideration in criminal cases, courts in this district have generally relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. See United States v. Brown, No. 3:18-CR-89-J-34JRK, 2019 U.S. Dist. LEXIS 220238, 2019 WI 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (collecting cases). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Accordingly, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice" are each a proper reason for reconsideration. Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). A motion for reconsideration, however, cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of the order. See Arthur, 500 F.3d at 1343.

4

Sosa contends that an intervening change in the law warrants relief, citing the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory rather than mandatory. (Dkt. 186 at 5)

This argument is unavailing. Sosa was sentenced on October 29, 2004. (Dkt. 110) The Supreme Court issued its decision in Booker slightly more than two months later, on January 12, 2005. See Booker, 543 U.S. 220. Sosa waited over a year to file a direct appeal, and despite Booker having been decided and available at that time, he did not raise any claims based on it. The Eleventh Circuit rejected the arguments he presented. See United States v. Sosa, 208 F. App'x 752 (11th Cir. 2006). Sosa did not seek certiorari, and his conviction became final on August 2, 2010. (Dkt. 171) Thereafter, Sosa filed a motion to vacate his judgment under 28 U.S.C. § 2255, which again omitted any claim grounded in Booker. (Dkt. 169) This Court denied that motion as time-barred. (Dkt. 171)

Even setting aside waiver, Booker does not apply retroactively on collateral review. See Varela v. United States, 400 F.3d 865, 868 (11th Cir. 2005). As such, Booker does not constitute an intervening change in the law for purposes of the instant motion.

Sosa has failed to establish "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice," such that the Court should grant Sosa's Motion for Reconsideration. See Lamar Advertising of Mobile, Inc., 189 F.R.D. at 489.

### III.    Renewed Motion for Compassionate Release

Sosa has also filed a renewed Motion for Compassionate Release pursuant to the First Step Act of 2018. (Dkt. 189) The Government filed a timely response in opposition to Sosa's Motion for Compassionate Release. (Dkt. 191)

The Court has considered all filings related to Sosa's Motion for Compassionate Release, (Dkts. 189, 192-93), and for the reason stated below, the Court **DENIES** Sosa's renewed Motion for Compassionate Release. (Dkt. 189) Sosa argues that a reduced sentence or compassionate release is warranted for four reasons: (1) his sentence is "unusually long;" (2) he has completed extensive rehabilitative activities; (3) confinement conditions during the COVID-19 pandemic were "unusually harsh;" and (4) his mother suffers from a "serious medical condition." (Id.)

The First Step Act permits a district court to reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A).

Sosa has failed to exhaust his administrative remedies with the Bureau of Prisons (BOP), as required by statute. While Sosa previously sought compassionate release through BOP channels in March 2022, and the warden denied his request in

April 2022, (Dkt. 186-1), he did not file an administrative appeal. Therefore, he failed to exhaust administrative remedies. This is not a situation in which Sosa filed a demand with the warden and the warden did not respond within thirty days, allowing for the filing of a motion directly with the Court.

Moreover, this Motion for Compassionate Release, (Dkt. 189), is different in one respect from the one previously filed. Sosa has not submitted any request to the BOP concerning the new ground that his mother suffers from a "serious medical condition." In the sixteen months since the Court denied his previous motion, (Dkt. 182) Sosa has not pursued any administrative remedy with the BOP. The Eleventh Circuit has made clear that the exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule that must be enforced when properly invoked by the government. See United States v. Harris, 989 F.3d 908, 911–12 (11th Cir. 2021); United States v. Keller, 2 F.4th 1278, 1282 (11th Cir. 2021). Because Sosa did not give BOP the opportunity to address the new concerns presented in this motion and because the government has properly raised the exhaustion issue, the Court lacks authority to consider the motion's merits. Absent any evidence that Sosa has exhausted his administrative remedies, Sosa's Motion is not properly before the Court.

Sosa's Motion to Convert his Reply to a Motion for Reconsideration, (Dkt. 187), is due to be **GRANTED**. Sosa's Motion for Reconsideration, (Dkt. 186), and Motion for Compassionate Release, (Dkt. 189), are due to be **DENIED**.

Accordingly, it is hereby **ORDERED** as follows:

7

1. Defendant Jose Rodriquez Sosa's Motion to Convert his Reply to a Motion for Reconsideration, (Dkt. 187), is **GRANTED**.

2. Defendant Jose Rodriquez Sosa's Motion for Reconsideration, (Dkt. 186), is **DENIED**.

3. Defendant Jose Rodriquez Sosa's Motion for Compassionate Release, (Dkt. 189), is **DENIED WITHOUT PREJUDICE TO HIS SUBMISSION OF PROOF OF EXHAUSTION OF ADMINISTRATIVE REMEDIES**.

**DONE and ORDERED** in Tampa, Florida, this 5th day of January 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:**    Counsel of Record
U.S. Marshal Service
U.S. Probation Office
U.S. Pretrial